UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 07-338  (EGS)** |
| | : | |
| v. | : | |
| | : | |
| **COLLEEN MARIE MCCAREY,** | : | |
| | : | |
| **Defendant.** | : | |

## NOTICE OF FILING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the attached proposed Stipulated Facts and the Government's Proposed Inquiry Concerning Stipulated Trial in light of the upcoming hearing on September 9, 2008.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney
                                            D.C. Bar No. 498610


BY: _____
           AMY JEFFRESS
           D.C. Bar No. 449258
           Assistant United States Attorney
           National Security Section
           555 Fourth Street NW, Room 11-435
           Washington, DC 20530
           (202) 514-7624
           amy.jeffress@usdoj.gov

        CAROLINE KRASS
        Special Assistant United States Attorney
        D.C. Bar No. 453-506
        National Security Section
        555 Fourth Street NW, Room 11-860
        Washington, DC 20530
        (202) 514-5623
        Caroline.Krass2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 07-338 (EGS) |
| | : | |
| v. | : | |
| | : | |
| COLLEEN MARIE MCCAREY, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S PROPOSED INQUIRY CONCERNING STIPULATED TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits for the Court's consideration the following proposed questions that the government requests be asked of the defendant, Colleen McCarey, in this case in which the parties anticipate that there will be a stipulated trial resulting in a verdict of Not Guilty By Reason of Insanity.

Both parties agree that the questions below may be asked of the defendant.

1. Please state your name.

2. How old are you?

3. How far did you go in school?

4. Can you read and write?

5. I understand from your lawyer, Ms. Michelle Peterson, that you wish to have a stipulated trial on the following charge: Threats Against a Former President or a Member of the Immediate Family of a Former President, in violation of Title 18, United States Code, Section 879(a). Is that what you wish to do?

6. Have you had any difficulty understanding your lawyer's explanation in reference to that charge?

7. Ms. Peterson, do you believe that Ms. McCarey has a factual and rational understanding of the charges against her and can assist you in her own defense?

8. Ms. McCarey, are you currently taking any medication? What medications are you taking? What effect does the medication have on you? Does the medication confuse you? Are you currently under the influence of any illegal drugs or alcohol that may affect your ability to understand what is going on today? Do you understand why you are in court today?

9. You have the right to be charged by indictment with the offenses the government alleges you committed. In other words, you have a right to insist that the government present evidence to a grand jury so that the grand jury can decide whether you should be charged with any crimes. Do you understand that? In this case, the government did not present evidence to a grand jury, and you have not been charged by a grand jury indictment. Instead, the government has filed an Information, which simply informs the Court and you of the offenses the government believes you have committed. In this case, the government has charged you with the crime I described to you earlier. Do you understand which crime the government alleges that you committed? I have before me a document entitled "Waiver Of Indictment." I see what appears to be your signature. Did you sign this? Did you go over the Waiver of Indictment with your attorney before you signed it? And do you understand that by signing it, you are giving up your right to have a grand jury decide whether to indict you for committing any crimes? In addition, do you understand that you are agreeing to have a trial without first being indicted by a grand jury?

10. If you want to have a trial in this case you will have the right to trial before a judge or a jury. If you choose a trial before a judge, I will hear the case and decide whether you are guilty, not guilty, or, in this case, not guilty only by reason of insanity. On the other hand, if you choose a jury, twelve people selected from the community will hear the case and decide whether you are guilty or not. Do you understand that? I have before me a document entitled "Waiver Of Trial By Jury." I see what appears to be your signature. Did you sign this? Did you go over the document with your attorney before you signed it? And do you understand that by signing it, you are giving up your right to a trial by a jury?

11. I understand that in December 2007, you entered a guilty plea to the charges against you, but in April 2008, you asked the court for leave to withdraw your guilty plea and to enter a plea of not guilty by reason of insanity. Is that correct?

12. I understand also that you have agreed to stipulate to certain facts and representations in connection with the evidence in this case. Is that true? Did you read the Stipulation of Facts? Did you go over the Stipulation of Facts with your lawyer? Do you understand it?

13. With respect to the Stipulation of Facts, let me explain to you the effect of your signing it. By signing the stipulation, you are agreeing that the facts set forth in it are true and that those facts can become part of the trial record in this case. If you did not sign the stipulation, the government would have to introduce sworn testimony or other admissible evidence at a trial in order to prove the facts contained in the Stipulation of Facts. In other words, the government would call witnesses to testify in court, and your lawyer, Ms. Peterson, would have the opportunity to ask these witnesses questions to try to show that they were not telling the truth or

that they were mistaken. You would be present, and if you wished, you could call witnesses to testify. You would have the right to testify yourself in your own behalf, but no one could force you to do so. The government would have to prove that you committed the offense beyond a reasonable doubt, and a jury would have to find you guilty beyond a reasonable doubt as to the offense. By signing the Stipulation of Facts, you agreed that the facts and representations contained therein are true and admissible evidence, and you are giving up all of the rights, with respect to those facts, that I have just described. Do you understand that? Ms. McCarey, are the facts and representations contained in the Stipulation of Facts true and accurate? Does the Stipulation of Facts accurately describe how you threatened a former President and a member of his immediate family?

      14.   Ms. McCarey, in addition to the signed Stipulation of Facts, I have three expert reports that are being admitted as a stipulation of evidence regarding your mental condition at the time of the crimes. Do you remember being examined by Doctors Leslie Powers, Gerald Cooke, and Robert Sadoff? Do you understand that the report by Dr. Powers concludes that you were not criminally responsible for the crimes you committed on November 29, 2007, because on that date you were suffering from a mental illness and did not appreciate the wrongfulness of your conduct? Did you have an opportunity to review these documents with your lawyer? Do you believe that you were suffering from a mental illness, that is, that you were insane, at the time you made the threats? Each report is attached to a stipulation that has the prosecutor's signature, your counsel's signature, and your signature. Did you sign each stipulation? Did anyone threaten, force or coerce you into signing these stipulations?

15.     Ms. McCarey, as I explained earlier, the government has filed an Information which charges you with the following offense: Threats Against a Former President or a Member of the Immediate Family of a Former President, in violation of Title 18, United States Code, Section 879(a). According to the laws that were in effect at the time you allegedly committed this offense, you would face the following potential penalties. If you are convicted of the offense of Threats Against a Former President or a Member of the Immediate Family of a Former President, you could be sentenced to imprisonment for up to five years under Section 879; sentenced to a term of probation between one and five years, pursuant to Section 3561 of title 18; subject to a fine of up to $250,000, pursuant to Section 3571 of title 18; and subject to a period of supervised release of up to three years, pursuant to Section 3583 of title 18. Do you understand the penalties you would face if you were found guilty of the offense? Have you had a sufficient opportunity to discuss these penalties with Ms. Peterson?

16.     You may give up your right to a trial on these charges by pleading guilty. Or, you may keep your right to a trial by pleading not guilty. You originally pleaded guilty to the charges and have changed your plea to not guilty and raised the defense of insanity. Because you are raising the insanity defense, the law requires that you prove by clear and convincing evidence that at the time of the alleged offenses, you were unable to appreciate the nature and quality or wrongfulness of your actions because you had a severe mental disease or defect. In other words, you have the burden of proving you were not guilty by reason of insanity. Do you understand this? Have you had a sufficient opportunity to discuss these matters with Ms. Peterson?

17.     Because you have pleaded not guilty, and have waived your right to a jury trial, I will try your case. If I were to find you guilty of the alleged offense, you would face the penalties

I described earlier. However, if I find you not guilty by reason of insanity, I will not sentence you to imprisonment. Instead, I will order that you receive another psychiatric or psychological examination to determine if you are a danger to other people or their property. That is, you will be evaluated to determine if you are currently suffering from a mental disease or defect that would create a substantial risk of bodily injury to another person or serious damage to the property of another if you were to be released from custody. (18 U.S.C. §§ 4243(a), 4247(c)(4)(C)). After that evaluation, we will have a hearing. At that hearing, it will be your burden to prove by a preponderance of the evidence that you are not dangerous, that is, that your release would not create a substantial risk of bodily injury to another person or serious damage to the property of another. (18 U.S.C. § 4243(d)). If I decide that you should not be released, I will commit you to the custody of the Attorney General of the United States, and you will go to a federal or state facility, where you will receive treatment for your mental illness, and where you will be evaluated periodically to determine if you are still a danger to others. You will stay in the federal or state facility until I, or another judge to whom this case is assigned, determines, after listening to the views of the doctors responsible for your care and any witnesses you wish to call, that you no longer present a danger to anyone else or their property. You should understand that the amount of time you spend in custody, receiving treatment, may be longer than the maximum time to which I could have sentenced you for the offense, had you pleaded guilty or been found guilty at a trial in this case. You could be in custody for medical treatment for the rest of your life.

      18. Have you talked to your lawyer, Ms. Peterson, about how you wish to plead and what defenses, if any, you want to raise in this case? Has she explained to you the effect of your

pleading not guilty, and then raising the insanity defense?  Is there anything that you do not understand about what happens when you plead not guilty, but raise the insanity defense?  Are you satisfied with Ms. Peterson's services?

19. You should understand that no one can force you to plead not guilty.  Also, no one can force you to raise the insanity defense.  Is it your decision to raise the insanity defense?  If you wish, you can go to trial without raising the insanity defense.  Even though you could plead

not guilty and make the government put on witnesses in an effort to prove the allegations against you, do you still want to proceed to trial without a jury and use the insanity defense as to the charges against you in this case? Is there anything you wish to say to the Court before we begin the stipulated trial?

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              United States Attorney
                              D.C. Bar No. 498610

BY: _____
                              AMY JEFFRESS
                              D.C. Bar No. 449258
                              Assistant United States Attorney
                              National Security Section
                              555 Fourth Street NW, Room 11-435
                              Washington, DC 20530
                              (202) 514-7624
                              amy.jeffress@usdoj.gov

_____
                              CAROLINE KRASS
                              Special Assistant United States Attorney
                              D.C. Bar No. 453-506
                              National Security Section
                              555 Fourth Street NW, Room 11-860
                              Washington, DC 20530
                              (202) 514-5623
                              Caroline.Krass2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 07-338 (EGS) |
| | : | |
| v. | : | |
| | : | |
| COLLEEN MARIE MCCAREY, | : | |
| | : | |
| Defendant. | : | |

## STIPULATED FACTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Colleen McCarey, by and through her counsel, Michelle Peterson, Esq., hereby agree to waive a trial by jury on the criminal information and stipulate to the following facts and representations in connection with a trial:

On November 29, 2007, Colleen McCarey (the "defendant") pulled her car over in the 800 block of G Street, Northwest, in the District of Columbia, and used her cellular telephone to call the FBI's Washington Field Office. In an extended conversation with the FBI operator, which was recorded, the defendant made several threats against former President William Jefferson Clinton, and his wife Senator Hillary Rodham Clinton. With respect to Senator Clinton, the defendant stated, "I am going to do something crazy if you guys don't come help me, like . . . shoot Hillary Clinton," that if Senator Clinton wins the Presidential election, "I hope someone puts a fucking bullet in her head. If I could, I would, that's how strongly I feel. If I could get near her, I would." With respect to President Clinton, the defendant stated, "if I could get Clinton, President Bill Clinton, I'd shoot him too." The defendant explained that she lives in Philadelphia, Pennsylvania, and that she was not making the trip as a tourist. She also stated that nine years ago she had come to Washington, D.C. and threw a firebomb at the White House.

When FBI and Secret Service agents arrived on the scene in response to the defendant's call on November 29, she repeated many of these threats.

The defendant was arrested by the Secret Service and on December 6, 2007, the government filed an information charging the defendant with one count of Threats Against a Former President or a Member of the Immediate Family of a Former President, in violation of 18 U.S.C. § 879(a). Pursuant to a written plea agreement with the government, the defendant pled guilty to the information, and on January 8, 2008, the Court accepted the guilty plea.

Prior to sentencing, Ms. McCarey had serious misgivings about having pled guilty and, as a result, on April 17, 2008, she asked the Court for leave to withdraw her guilty plea and to enter a plea of not guilty by reason of insanity. On April 17, 2008, the defendant also provided notice under Federal Rule of Criminal Procedure 12.2 that she intended to raise the defense of insanity to the charge of Threats Against a Former President or a Member of the Immediate Family of a Former President, in violation of 18 U.S.C. § 879(a).

On April 18, 2008, the Court ordered the defendant, under 18 U.S.C. § 4242(a) and 18 U.S.C. § 4247(b) and (c), to be committed to the custody of the U.S. Attorney General for the purpose of a psychiatric or psychological examination at a suitable federal facility to ascertain whether the defendant was insane at the time of the offense charged. On April 30, 2008, the Court ordered Ms. McCarey to self-surrender to Federal Medical Center (FMC) Carswell in Fort Worth, Texas, on May 20, 2008.

FMC Carswell then conducted an evaluation of the defendant's criminal responsibility. Dr. Leslie Powers, Ph.D, who is a forensic psychologist, and Emily Kistler, M.S., a predoctoral psychology intern, issued a report on July 1, 2008, that at the time of the offense, the defendant

suffered from a mental disease or defect, Delusional Disorder, Persecutory Type, which precluded her ability to appreciate the nature and quality or wrongfulness of her acts.

The parties have reviewed this report and agree with its findings and conclusions.

                                                Respectfully submitted,

                                                JEFFREY A. TAYLOR

                                                United States Attorney
                                                D.C. Bar No. 498610


BY:   _____
        AMY JEFFRESS
        D.C. Bar No. 449258
        Assistant United States Attorney
        National Security Section
        555 Fourth Street NW, Room 11-435
        Washington, DC 20530
        (202) 514-7624
        amy.jeffress@usdoj.gov


_____

        CAROLINE KRASS
        Special Assistant United States Attorney
        D.C. Bar No. 453-506
        National Security Section
        555 Fourth Street NW, Room 11-860
        Washington, DC 20530
        (202) 514-5623
        Caroline.Krass2@usdoj.gov

**Defendant's Acceptance of Stipulated Facts**

      I have read the Stipulated Facts and carefully reviewed every part of this document with my attorney.  I fully understand the Stipulated Facts and voluntarily agree to them.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand these Stipulated Facts fully.  No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.  I am fully satisfied with the legal services provided by my attorney in connection with the Stipulated Facts and all matters relating to it.

_____       _____
Date       Colleen Marie McCarey

**Defense Counsel's Acknowledgment**

      I am Colleen McCarey's attorney.  I have reviewed every part of the Stipulated Facts with him.  It accurately and completely sets forth the Stipulated Facts agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

_____       _____
Date       Michelle Peterson
     Assistant Federal Public Defender