**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Case No. 07-338 (EGS) |
| | ) |
| COLLEEN MCCAREY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is defendant Colleen McCarey's ("Ms. McCarey") *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 ("2255 motion" or "motion"). Ms. McCarey argues that this Court denied her due process by accepting her motion to withdraw her guilty plea and enter a not guilty by reason of insanity defense without *sua sponte* ordering a competency study pursuant to 18 U.S.C. § 4241. Ms. McCarey requests that the Court immediately and unconditionally release her from confinement.

After careful consideration of Ms. McCarey's motion, the government's response, Ms. McCarey's replies and letters thereto, the entire record herein, and the applicable law, the Court **DENIES** Ms. McCarey's motion.

## I. Background

Ms. McCarey was arrested and charged with one count of threats to inflict bodily harm upon a former President and/or a

1

member of a former President's immediate family in violation of 18 U.S.C. § 879 on November 29, 2007. *See* Compl., ECF No. 1; Information, ECF No. 4 (Dec. 6, 2007). On December 7, 2007, Ms. McCarey pled guilty to the one-count information. *See* Plea, ECF No. 9. This Court accepted her guilty plea on January 9, 2008. *See* Order, ECF No. 13. On April 17, 2008, Ms. McCarey filed an unopposed motion to withdraw her guilty plea, *see* ECF No. 16; she filed a notice of her insanity defense the same day, *see* ECF Nos. 17. The next day, the Court granted the government's motion to commit Ms. McCarey to undergo a psychological examination to ascertain whether she was insane at the time of the offense pursuant to 18 U.S.C. § 4242(a) and 18 U.S.C. § 4247(b). *See* Order, ECF No. 19. Pursuant to that Order, physicians at Federal Medical Center ("FMC") Carswell conducted an evaluation. They concluded, in a report issued on July 1, 2008, that Ms. McCarey suffered from delusional disorder at the time of the offense and, as such, she did not appreciate the wrongfulness of her acts. *See* Stipulated Facts, ECF No. 23-2 at 2-3.[1]

Accordingly, on September 9, 2008,[2] the Court held a stipulated trial, at which the Court conducted a comprehensive

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.
[2] The government contends that the stipulated trial occurred on July 28, 2008, but that hearing appears to have been a status

colloquy to ensure that Ms. McCarey was competent to withdraw her guilty plea and plead not guilty by reason of insanity. *See generally* Sept. 9, 2008 Tr., ECF No. 71. Concluding that Ms. McCarey was competent, *see id.* at 34, the Court granted her motion to withdraw her guilty plea, *see* Order, ECF No. 24, and found her not guilty by reason of insanity, *see* Order, ECF No. 26. The Court also ordered a study pursuant to 18 U.S.C. § 4243(b) to determine whether Ms. McCarey presented a substantial risk of bodily injury to herself or another person. *See* Order, ECF No. 26. Upon learning that physicians believed Ms. McCarey presented a reasonably low risk of harming others, the Court ordered Ms. McCarey released to reside in Philadelphia, Pennsylvania pursuant to an appropriate conditional release plan on May 1, 2009. Order, ECF No. 36. The Court held regular status conferences and found Ms. McCarey in compliance with the terms of her conditional release plan until May 2011. Bench Warrant, ECF No. 51.

On June 6, 2011, Ms. McCarey was arrested in Hawaii. *See* June 8, 2011 Minute Entry. The Court ordered her committed to the custody of the U.S. Attorney General on June 10, 2011. *See* Order, ECF No. 54. The Court also ordered another psychological evaluation and directed the parties to submit a proposed

conference to schedule the stipulated trial. *See* July 28, 2008 Tr., ECF No. 70.

conditional discharge plan. *See* Order, ECF No. 55. Upon

reviewing the physicians' report and finding that Ms. McCarey

was likely not a danger to herself or others on October 19,

2011, the Court ordered her conditionally released to Bensalem,

Pennsylvania under the supervision of the United States

Probation Office for the Eastern District of Pennsylvania. *See*

Order, ECF No. 56. On November 16, 2011, the Court once again

ordered Ms. McCarey committed pursuant to her own representation

that she could no longer comply with the terms of her treatment

plan. *See* Order, ECF No. 57. On March 9, 2012, she was again

conditionally released to Bensalem, Pennsylvania upon the

Court's review of the physicians' reports that she was likely

not dangerous. *See* Order, ECF No. 61.[3]

On May 13, 2013, the United States Probation Office

recommended that the Court transfer jurisdiction of Ms.

McCarey's case to the U.S. District Court for the Eastern

District of Pennsylvania ("Eastern District") because Ms.

McCarey resided in Philadelphia and supervision had been

provided by that Probation Office. *See* P.O. Petition, ECF No.

62. The Court concurred with the recommendation and transferred

---

[3] On April 20, 2012, Ms. McCarey was arrested in Bucks County,
Pennsylvania. *See* April 30, 2012 Minute Order. On November 21,
2012, she pled guilty to robbery and was sentenced to one to two
years in state custody. *See* Gov't's Opp'n, ECF No. 72 at 4. The
Court was unable to locate additional information about the
case.

4

jurisdiction to the Eastern District on May 13, 2013. *See* Order, ECF No. 63. Jurisdiction was accepted by the Eastern District a month later. *See* Order, ECF No. 65.; *see also* Criminal Case Number 2:13-259 (E.D. Pa.).

About a year later, Ms. McCarey was arrested in the Middle District of Pennsylvania. *See* April 21, 2014 Minute Entry (Case No. 2:13-cr-259 (E.D. Pa.)). On May 15, 2014, the Eastern District Court ordered Ms. McCarey committed pursuant to 18 U.S.C. § 4243. *See* Order, ECF No. 11 (Case No. 2:13-cr-259 (E.D. Pa.)). On February 22, 2018, the Eastern District Court found that Ms. McCarey had recovered from her mental illness such that her conditional release would not create a substantial risk of injury to herself or another person. *See* Order, ECF No. 22 (Case No. 2:13-cr-259 (E.D. Pa.)). The Court conditionally released her to Philadelphia and imposed certain release conditions. *See id.* Based on the Court's review of the docket, it appears that Ms. McCarey has been complying with the terms of her conditional release. *See generally* Docket (Case No. 2:13-cr-259 (E.D. Pa.)).

## II. Analysis

Ms. McCarey argues that this Court should order her immediately and unconditionally released. *See* Def.'s Mot., ECF No. 66 at 12. She contends that the Court violated her due process rights when it accepted her motion to withdraw her guilty plea agreement and found her not guilty by reason of

insanity without *sua sponte* ordering a competency study. *Id.* at 4. She argues that she was not competent and was "suffering from a mental illness which prevented [her] from understanding the nature of the court proceedings" and that she "was unable to work with [her] attorney." *Id.* The government responds that the Court should deny Ms. McCarey's motion because the record establishes that she was competent at the stipulated trial proceeding. *See* Gov't's Opp'n, ECF No. 72.

Before the Court can reach the merits of Ms. McCarey's 2255 motion, however, the Court must ensure that it has jurisdiction. The Court therefore first determines whether it has jurisdiction before it evaluates the merits of Ms. McCarey's claim.

## A. The Court Will Construe the 2255 Motion as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

The parties agree that Ms. McCarey is not eligible for relief pursuant to 28 U.S.C. § 2255 and that her motion should be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Gov't's Opp'n, ECF No. 72 at 5-9; Def.'s Reply, ECF No. 75 at 1 ("I agree with the government that the petition is a 2241 [motion]").

28 U.S.C. § 2255 provides that a "prisoner in custody under sentence of a court" may "move the court which imposed the sentence to vacate, set aside, or correct the sentence" if the prisoner believes "that the sentence was imposed in violation of

the Constitution or laws of the United States, or that the court

was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack." 18 U.S.C. § 2255(a).[4]

It is unclear, however, whether Ms. McCarey is a "prisoner

under the sentence of a court" because she was found not guilty.

Neither the Court nor the government could locate a case in

which the Court of Appeals for the District of Columbia Circuit

("D.C. Circuit") addressed whether a person acquitted by reason

of insanity is entitled to 2255 relief. *See* Gov't's Opp'n, ECF

No. 72 at 6. However, several federal courts have addressed this

issue and concluded that a defendant acquitted by reason of

insanity does not qualify as a "prisoner" under a sentence

pursuant to 28 U.S.C. § 2255(a). *See, e.g.*, *Crook v. United

States*, No. 3:04-cr-58, 2008 WL 4933966, at *2 (W.D.N.C. Nov.

14, 2008)("Petitioner was found not guilty by reason of insanity

. . . . Consequently, because Petitioner is neither

a prisoner nor serving a sentence, he may not move this Court

for relief pursuant to 28 U.S.C. § 2255.")(citing *United States*

---

[4] Ms. McCarey filed her 2255 motion more than eight years after
she was found not guilty by reason of insanity. There is a one-
year statute of limitations applicable to 2255 motions. 28
U.S.C. § 2255(f). The government does not contend that her
motion is untimely. *See* Gov't's Opp'n, ECF No. 72. For that
reason, and because the Court agrees that her motion should be
construed as a petition for writ of habeas corpus, it need not
evaluate whether her motion is time-barred.

*v. Tucker,* 153 Fed. App'x 173, 175 (4th Cir. 2005)(per curiam)
(dismissing appeal of denial of 2255 motion because individual
had been found not guilty by reason of insanity); *Archuleta v.
Hedrick,* 365 F.3d 644, 648 (8th Cir. 2004)(petitioner "was found
not guilty by reason of insanity and therefore is not eligible
for relief under 28 U.S.C. § 2255"); *United States v. Budell,*
187 F.3d 1137, 1141 (9th Cir. 1999)(section 2255 is inapplicable
to a petitioner who was originally found not guilty by reason
of insanity "[b]ecause [he] was acquitted, [therefore] he is not
a prisoner in custody under sentence . . . ."); *Knox v. United
States,* 2008 WL 2168871 at * 4 (D.S.C. May 2, 2008)(slip copy)
(noting that petitioner could not file a 2255 motion because he
was not a "prisoner in custody under sentence"); *United States
v. Boigegrain,* 155 F.3d 1181, 1186 (10th Cir. 1998)("a defendant
temporarily committed pursuant to section 4241(d) is neither
a prisoner nor under sentence" and may not file a 2255 motion).

In this case, Ms. McCarey withdrew her guilty plea and was
found not guilty by reason of insanity. *See* Orders, ECF Nos. 24,
26. As such, rather than being sentenced, Ms. McCarey was
committed for mental health treatment by this Court and the
Eastern District Court pursuant to 28 U.S.C. § 4243. *See, e.g.*,
Order, ECF No. 54; Order, ECF No. 11 (Case No. 2:13-cr-259 (E.D.
Pa.)). Ms. McCarey likely is not a "prisoner in custody under a

sentence of a court" and therefore, she is not eligible for relief under 28 U.S.C. § 2255.

Nonetheless, a defendant committed pursuant to 18 U.S.C. § 4243 may challenge the legality of her detention[5] via a petition for writ of habeas corpus. *See* 18 U.S.C. § 4247(g) ("Nothing contained in section 4243 . . . precludes a person who is committed under . . . such sections[] from establishing by writ of habeas corpus the illegality of his detention."). As such, the Court will construe Ms. McCarey's *pro se* 2255 motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See United States v. Class*, 38 F. Supp. 3d 19, 23 (D.D.C. 2014)("The Court construes Defendant's [*pro se*] Motions liberally for any possible relief to which he might be entitled.")(citing *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002)). However, construing Ms. McCarey's petition pursuant to 28 U.S.C. § 2241 creates another set of jurisdictional issues.

---

[5] The Court's review of the Eastern District docket suggests that Ms. McCarey is no longer detained. *See* Docket, 2:13-cr-259 (E.D. Pa.). However, neither party raises Ms. McCarey's conditional release as an impediment to resolving her motion. Moreover, Ms. McCarey requests that the Court order her immediately released with no further restrictions and, based on this Court's review, it appears that Ms. McCarey must still comply with conditions of release. *See id.* As such, the Court will not evaluate whether Ms. McCarey's conditional release renders her habeas petition moot.

**B. The Court Has Jurisdiction Over the Habeas Petition**

Whether the Court has jurisdiction over Ms. McCarey's habeas petition turns on what she is challenging. First, to the extent that Ms. McCarey is attempting to relitigate the Court's initial finding that she was not guilty by reason of insanity, Ms. McCarey may not collaterally attack her decision to assert a successful insanity defense. *See Curry v. Overholser,* 287 F.2d 137, 139-40 (D.C. Cir. 1960)("Having thus elected to make himself a member of that 'exceptional class' of persons who seek verdicts of not guilty by reason of insanity, [the defendant] cannot now be heard to complain of the statutory consequences of his election . . . . no direct attack upon [the acquittal] is possible")(citations omitted); *Archuleta*, 365 F.3d at 648 ("Archuleta may not collaterally attack his decision to assert a successful insanity defense") (citing *Curry*); *see also Tucker*, 153 Fed. Appx. at 175 (citing *Curry*); *Ruston v. Jett*, No. 14-cv-1891, 2015 WL 1223669 at *2 (D. Minn. Mar. 17, 2015)(rejecting defendant's attempt to appeal his insanity defense as coerced because a defendant "may not collaterally attack his decision to assert a successful insanity defense")(citing *Archuleta* and *Curry*). That said, a defendant may still challenge his confinement in a habeas proceeding. *See Curry*, 287 F.2d at 140 (finding that the defendant could not appeal his successful

acquittal by reason of insanity but could challenge his confinement).

Assuming Ms. McCarey is attempting to challenge her confinement, the Court must still determine whether it has jurisdiction over that challenge. "Writs of habeas corpus may be granted by . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). "Because '[a] writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in . . . custody,' a court may issue the writ only if it has jurisdiction over that person." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1237–38 (D.C. Cir. 2004)(quoting *Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 494 (1973) and citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)). Because "a district court may issue the writ only to one who is within its district, . . . [in] habeas cases involving 'present physical confinement, jurisdiction lies in only one district: the district of confinement.'" *Id.* at 1239 (quoting *Padilla*, 542 U.S. at 443). At the time Ms. McCarey filed her habeas petition in October 2016, she was committed at FMC Carswell in Texas for stabilization and treatment. *See* Order, ECF No. 11 (Case No. 2:13-cr-259 (E.D. Pa.)). Thus, this District was not the district of confinement and the Court does not have jurisdiction over Ms. McCarey's custodian. *See Stokes*, 374 F.3d at 1239.

11

Nonetheless, the government argues and Ms. McCarey agrees, that this Court has jurisdiction over the petition because a court that committed a defendant after an acquittal by reason of insanity has jurisdiction over a petition challenging that order. *See* Gov't's Opp'n, ECF No. 72 at 9-10; Def.'s Reply, ECF No. 75 at 1. Again, it does not appear that the D.C. Circuit has addressed this question, but the government relies on other Circuit precedent for the proposition. *See id.* at 9-12 (citing, among other authority, *Archuleta*, 365 F.3d 644). In *Archuleta*, the defendant—who had been acquitted by reason of insanity and had been committed for medical treatment pursuant to 18 U.S.C. § 4243—argued that his commitment was unlawful. *See Archuleta*, 365 F.3d at 644-648. The 8th Circuit remanded and transferred his habeas petition from the district court in which he was confined to the district court that issued his commitment order. It found that the defendant was "in custody by reason of a commitment order issued by the District of Utah. Only that court, not the Warden of FMC Springfield, may grant the . . . relief [the defendant] seeks, either conditional or unconditional release." *Id.* at 649 (citing and discussing *United States v. Buddell*, 187 F.3d 1137 (9th Cir. 1999)). The 8th Circuit concluded that the district court that issued the commitment order had jurisdiction to decide the habeas petition pursuant to 18 U.S.C. § 4247(g)

and (h).[6] *Id.; see also Commey v. Grondolsky*, 2 F. Supp. 3d 48, 49-50 (D. Mass. 2014)("When a person is committed pursuant to 18 U.S.C. § 4243 and challenges his continued confinement . . . he 'may, at any time during [the] confinement, file **with the court that ordered the commitment**'" a challenge to that confinement)(quoting 18 U.S.C. § 4247(h))(emphasis in original).

Assuming the committing court is indeed the appropriate court to consider Ms. McCarey's request for unconditional release, the Court must next determine whether it was in fact the court that issued the commitment order. *See Archuleta*, 365 F.3d at 649; *Commey*, 2 F. Supp. 3d at 49-50. The answer to this question, however, is not entirely clear. Indeed, this Court did issue the initial order confining Ms. McCarey after accepting her motion to withdraw her guilty plea and finding her not guilty by reason of insanity. *See* Order, ECF No. 24 (granting her motion to withdraw her guilty plea); Order, ECF No. 26. However, this Court was not the court that ordered Ms. McCarey committed at the time she filed her habeas petition. Indeed, after jurisdiction was transferred to the Eastern District in June 2013, the Eastern District court ordered Ms. McCarey committed pursuant to 18 U.S.C. § 4243 in May 2014. *See* ECF No.

---

[6] 18 U.S.C. § 4247(h) states that a committed defendant, counsel, or legal guardian may "file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from the facility."

11 (Case No. 2:13-cr-259 (E.D. Pa.))(ordering Ms. McCarey committed to the custody of the Attorney General). She was still committed pursuant to that Court's order when she filed her petition in October 2016. *See generally* Docket, Case No. 2:13-cr-259 (E.D. Pa.). Thus, to the extent Ms. McCarey is challenging the order that committed her at the time she filed her petition, jurisdiction would likely not lie in this Court.

However, because the Court must construe Ms. McCarey's *pro se* petition liberally, *United States v. Henry*, 20 F. Supp. 3d 278, 281 (D.D.C. 2014), *aff'd*, 609 Fed. App'x 1 (D.C. Cir. 2015), the Court will assume Ms. McCarey challenges only the orders issued by this Court.

### C. **Ms. McCarey's Petition Does Not Raise a Legal Basis for Habeas Relief**

Ms. McCarey contends that her due process rights were violated when the Court granted her motion to withdraw her guilty plea and accepted her not guilty by reason of insanity defense. She claims that the Court should have *sua sponte* ordered a competency study because there was clear and convincing evidence that she could not make rational decisions at the time. *See* Def.'s 2255 Mot., ECF No. 66 at 5-6. The government opposes, arguing that there was no reasonable cause to believe that Ms. McCarey was incompetent, and the Court conducted an extensive colloquy to ensure that Ms. McCarey was

14

competent before accepting her insanity defense. *See* Gov't's
Opp'n, ECF No. 27 at 12-27.

The Due Process Clauses of the Fifth and Fourteenth
Amendments prohibit the prosecution of a criminal defendant who
is not mentally competent to stand trial. *See Godinez v.
Moran,* 509 U.S. 389, 398 (1993). "Generally, a defendant is
considered to be incompetent if he is 'unable to understand the
nature and consequences of the proceedings against him or to
assist properly in his defense.'" *United States v. Weissberger*,
951 F.2d 392, 395 (D.C. Cir. 1991)(quoting 18 U.S.C. § 4241(a)).
However, "[t]he entry of a plea of not guilty by reason of
insanity . . . presupposes that the defendant is competent to
stand trial and to enter a plea." *Medina v. California*, 505 U.S.
437, 449 (1992).

A criminal defendant is entitled to a hearing on mental
competency whenever there is "sufficient evidence of
incompetency." *O.K. v. Bush*, 344 F. Supp. 2d 44, 55 (D.D.C.
2004)(citing *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966)).
However, a Court need only order a competency evaluation "if the
court has 'reasonable cause' to believe that the individual may
be incompetent to stand trial." *Weissberger*, 951 F.2d at 395
(quoting 18 U.S.C. § 4241(a)). "There is no precise definition
of 'reasonable cause'; however, the Supreme Court has held that
any significant doubt as to the defendant's competency requires

a competency evaluation." *Id.* (citing, among other authority, *Pate,* 383 U.S. at 385 (when evidence raises a *bona fide* doubt as to the defendant's competency, an evaluation must be held)). "Where the evidence fails to raise a '*bona fide* doubt' as to the defendant's mental competency, a court will not order an independent mental evaluation." *O.K. v. Bush*, 344 F. Supp. 2d at 57 (quoting *Pate,* 383 U.S. at 385).

In this case, the Court had no basis to believe that Ms. McCarey was not competent to withdraw her guilty plea and plead not guilty by reason of insanity. Not only did neither party raise any concern as to Ms. McCarey's competency, but the Court also undertook an extensive colloquy to ensure that Ms. McCarey's decision to plead not guilty by reason of insanity was rational, knowing, and voluntary. For example, at the beginning of Ms. McCarey's stipulated trial, the Court asked her attorney whether she was "of the opinion that" Ms. McCarey "ha[d] a factual and rational understanding of the charges against her." Ms. McCarey's counsel replied "yes." Tr., ECF No. 71 at 7. The Court also asked Ms. McCarey whether her medications confuse her or could affect her ability to understand the proceedings. *See id.* at 8-9. Ms. McCarey answered that the medicine she took did not affect her ability to understand the proceedings. *Id.* She clarified that she understood that she was before the Court "to present evidence . . . for [her] plea of not guilty by reason of

insanity." *Id.* at 9. The Court specifically noted and observed
that Ms. McCarey "sound[ed] to be clear of mind." *Id.* at 8. When
asked whether she felt "clear of mind this morning," *id.*, Ms.
McCarey responded "yes, very much so." *Id.* at 9.

The Court further ensured that Ms. McCarey understood the
charges that the government alleged she committed and the facts
to which she had stipulated. *Id.* at 10-17; *see also id.* at 28-31
(government proffer of the stipulated facts). The Court also
reviewed and discussed with Ms. McCarey the expert reports
submitted as joint exhibits regarding her mental state. *Id.* at
18-19. Ms. McCarey recalled undergoing the medical evaluations,
understood the physicians' opinions regarding her mental health
at the time of the crime, and read their reports. *Id.* at 19-20.
She agreed that she was suffering from a mental illness at the
time she made the threats and attested that the reports were
accurate; she also voluntarily signed the physicians' report
into the evidentiary record. *Id.* at 20-21 (COURT: "I'm not
ordering you to sign it. It's your choice." DEFENDANT: "I will
sign it, Your Honor."). The Court also ensured that Ms. McCarey
understood her burden of proof in submitting an insanity
defense. *Id.* at 22-23. Ms. McCarey replied that she understood
the consequences of her decision and affirmed that she had a
sufficient opportunity to discuss the decision with her

attorney. *Id.* at 23. Ms. McCarey also stated that she was "very much" satisfied with the services of her attorney. *Id.* at 26.

Finally, Ms. McCarey understood that, by finding her not guilty by reason of insanity, the Court would be required to commit her to determine whether she was a danger to herself or others. *Id.* at 23-24. She also understood that "the amount of time [she could] spend in custody receiving treatment may be longer than the maximum time to which [the Court] could have sentenced [her] for the offense had [she] pleaded guilty or been found guilty." *Id.* at 25 (COURT: "You could be in custody for medical treatment for the rest of your life. Do you understand that?" DEFENDANT: "Yes, Your Honor."). Ms. McCarey affirmed that it was her decision to raise the insanity defense and she understood that "no one [could] force her to plead not guilty" by reason of insanity. *Id.* at 26.

Ultimately, when asked whether there was anything she did not understand about pleading not guilty by reason of insanity, Ms. McCarey replied that she "underst[ood] everything." *Id.* at 26. After the colloquy, the government stated that it "believe[d] Ms. McCarey [was] competent." *Id.* at 34. The Court then made a finding that Ms. McCarey "appears to be competent, she understands the nature of the proceedings, [and] the nature of the charges against her." *Id.* The Court further elaborated that it had "no doubt that she's able today to understand those

charges [and] to assist her attorney with respect to those charges," and "that she's made an intelligent decision and a knowing decision," and "that she's likewise made an intelligent, competent decision to proceed to date by way of this nonjury proceeding." *Id.*

In light of the Court's thorough discussion with Ms. McCarey about the proceeding, the Court cannot find that there was *any* basis to believe that Ms. McCarey was not competent to withdraw her guilty plea and plead not guilty by reason of insanity. *See O.K. v. Bush*, 344 F. Supp. 2d at 57 (holding that the Court need not order a competency evaluation unless there is a *reasonable* basis to conclude that the defendant was not competent). The Court went to painstaking lengths to ensure that Ms. McCarey understood the consequences of her decision, including warning her that she could spend the rest of her life committed. Ms. McCarey clearly, confidently, consistently, and lucidly answered all the Court's questions. Moreover, the Court observed that Ms. McCarey appeared and sounded to be clear of mind. *See* Tr., ECF No. 71 at 8-9, 34.

While the record establishes that there was no reasonable basis to doubt that Ms. McCarey was competent at the time, the medical evidence also corroborates the Court's conclusion. *See United States v. Mason*, 52 F.3d 1286, 1290 (4th Cir. 1995) (quoting *Griffin v. Lockhart,* 935 F.2d 926, 930 (8th Cir. 1991)

("Medical opinions are 'usually persuasive evidence on the question of whether a sufficient doubt exists' as to the defendant's competence."). After evaluating Ms. McCarey, one of her physicians concluded that she "remains competent to proceed despite her significant mental illness" because "she [] know[s] and understand[s] the nature and consequences of her current legal situation and can work with counsel in preparing her defense." Gov't's Opp'n, ECF No. 72 at 26,

Nevertheless, Ms. McCarey contends that she did not have a rational understanding of the proceedings because she was in a "psychotic state and [was] unable to comprehend the proceedings." Def.'s Reply, ECF No. 75 at 1. While the Court does not doubt Ms. McCarey's sincerity or the extent of her mental illness, the record simply does not corroborate Ms. McCarey's claims. Despite Ms. McCarey's contention that she was in a delusional state at the time, the record conclusively establishes that the Court engaged in an extended colloquy with her and concluded that she had a factual and rational understanding of the proceedings and the consequences of her decision to plead not guilty by reason of insanity. The record also establishes that she conferred intelligently with her counsel. There was absolutely no reason for the Court to question Ms. McCarey's competency. As such, the Court must deny her habeas petition.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Ms. McCarey's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, construed as a habeas petition pursuant to 28 U.S.C. § 2241. The Court therefore directs the Clerk of Court to **CLOSE** civil case number 16-cv-2024. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**January 2, 2019**